**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 09-56-DLB**

**VERNA L. MORGAN**                                                                            **PLAINTIFF**

**vs.**                              <u>**MEMORANDUM ORDER**</u>

**MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION**                            **DEFENDANT**

\*    \*    \*    \*    \*    \*    \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Following the filing of Plaintiff's Motion for Summary Judgment (Doc. #11), Defendant moved to remand under Sentence Four of 42 U.S.C. § 405(g) to allow an Administrative Law Judge (ALJ) to issue a new administrative decision that 1) complies with Acquiescence Ruling 98-4(6) (1998) and *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); and 2) properly evaluate the opinions of Plaintiff's treating physicians Drs. Becker and Kunath, and specifically set forth the weight given to their opinions and the reasons for that weight. (Doc. #16). Plaintiff objects to any remand on the grounds that the evidence in the record supports an immediate award of benefits, and that further remand would merely involve the presentation of cumulative evidence and further delay the case. (Doc. #15).

Since the Commissioner effectively concedes that the administrative decision below was neither made pursuant to proper legal standards, nor supported by substantial

evidence, the only question currently before the Court is whether an immediate award of benefits for the closed period beginning October 29, 2001 and ending April 1, 2006 is warranted. The Sixth Circuit Court of Appeals has cautioned that "the court can reverse the decision and immediately award benefits *only* if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added). Because the Court cannot draw that conclusion in this case, an immediate award of benefits will not be ordered.

In the present case, despite its long procedural history – the Commissioner has already conducted three administrative hearings – all essential factual issues have still not been resolved. More specifically, the beginning date of Plaintiff's disability remains unresolved. Contrary to Plaintiff's assertions, however, the task of determining the onset date of her disability should not be undertaken by the Court.

An inquiry into when Plaintiff's various slowly-progressing impairments, such as multiple sclerosis, lupus, and connective tissue disease, first rendered her unable to perform substantial gainful activity would require the Court to weigh the evidence and engage in fact-finding, activities which are plainly outside the scope of the Court's judicial review of the Commissioner's decisions. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards... This court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." (citations omitted)). Consequently, despite the Court's recognition of the time this case has

been pending, the errors committed by the ALJ below, and the unfortunate financial circumstances of the Plaintiff, the Court cannot, based on this record, award benefits, and finds that determination of the onset date of Plaintiff's disability should be resolved administratively on remand. Accordingly,

**IT IS ORDERED** as follows:

1. Defendant's Motion for Entry of Judgment and to Remand (Doc. #14) is hereby **GRANTED**;

2. The decision of the Commissioner is hereby **REVERSED**, with this action **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with Defendant's Motion for Entry of Judgment and to Remand (Doc. #14);

3. Plaintiff's Motion for Summary Judgment (Doc. #11) is hereby **DENIED AS MOOT**;

4. Plaintiff's Motion to Include in Transcript (Doc. #12) is hereby **DENIED**; and

5. A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

This 15th day of February, 2010.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\Orders\2-09-56-Morgan-Order-Remanding.wpd